IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

vs.                             CRIMINAL ACTION NO. 1:06CR91

AUBREY THOMAS MOORE,
            Defendant.

### ORDER/OPINION MEMORIALIZING ORAL ORDER

On the 21st day of May 2007, came the Defendant, Aubrey Thomas Moore, in person and by his counsel, Jeff Harris, and also came the United States by its Assistant United States Attorney, Zelda E. Wesley, for hearing on Defendant's Motion for Bill of Particulars; Request for 404(b) Evidence; and Request for Disclosure of PSR (Docket Entry 53). The matter was then heard on the motions, the government's responses to said motions, and the arguments of counsel.

**Motion for Bill of Particulars**

Defendant moves the Court to order the Government to disclose the following information:

1) the name of the individual or individuals with whom the defendant is alleged to have conspired; and

2) whether potential witness William B. Dickey was operating as a confidential informant for the State or government in February/March 2006.

The Government objected to answering a bill of particulars, stating that it has an open file policy in this case and that, prior to the continuance of this trial the government had disclosed all of the witness' statements and interviews and had filed its Witness List with the Court. The Government therefore argues that Defendant has in his possession the information identifying the confidential informant in this case, as well as the statements which advise the Defendant of the individuals with whom he is alleged to have conspired regarding the new charge contained in the Superceding Indictment.

The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an adequately described offense . . . when the indictment itself is too vague and indefinite for such purposes. Wong Tai v. United States, 273 U.S. 77 (1927). United States v. Addonizio, 451 F.2d 49, 63-64 (3rd Cir.), cert. denied, 405 U.S. 936 (1972).

The granting or denial of a bill of particulars is left to the sound discretion of the Court. United States v. MacDougall, 790 F.2d 1135, 1153 (4th Cir. 1986). To establish that the Court abused its discretion in denying a bill of particulars, Defendant must show that he suffered unfair surprise or to prevent a second and subsequent prosecution on the same set of facts. United States v. Jackson, 757 F.2d 1486 (4th Cir.), cert, denied, 474 U.S. 994 (1985).

It is not proper to order a bill of particulars to provide Defendant with a detailed disclosure of the Government's evidence in advance of trial. Nor should it be used to provide Defendant with additional discovery. United States v. Automated Med. Labs., Inc., 770 F.2d 399, 405 (4th Cir. 1985).

Instead, a bill of particulars may be granted to promote Defendant's understanding of the charge[s] against him and to prevent unfair surprise when the indictment fails to provide adequate information for Defendant to understand the charges made against him. United States v. American Waster Fibers Co., 809 F.2d. 1044, 1047 (4th Cir. 1987), United States v. Schembari, 484 F.2d 931, 934-935 (4th Cir. 1973).

When the government opens its file to a Defendant, the Court may take that opening into account in determining whether the degree of detail available to the Defendant is constitutionally adequate. United States v. Bales, 813 F.2d 1289 (4th Cir. 1987) and United States v. Duncan, 598 F.2d 839, 849 (4th Cir. 1979).

Here the Government has opened its file to Defendant. The Government further represents

that it has already produced discovery to Defendant which contains the answers to his questions. The court finds that the indictment provides adequate information for Defendant to understand the charges made against him and the degree of detail available to Defendant in this matter is constitutionally adequate.

Defendant's Motion for Bill of Particulars is therefore **DENIED**.

**Request for 404(b) Evidence**

Defendant moves the Court to order the government to disclose in advance of trial whether it intends to introduce any Rule 404(b) evidence at trial. In response the government states it has no intention of introducing any 404(b) evidence in this case.

Defendant's Request for 404(b) Evidence is therefore **DENIED** as moot.

**Motion for Disclosure of PSR**

Defendant moves the Court for an order authorizing the disclosure of Defendant's own PSR from Criminal Case No. 1:01CR7. The government does not object to providing same.

Defendant's Motion for Disclosure of PSR is **GRANTED IN PART**. The government shall provide the criminal history section only of the PSR to Defendant.

For docketing purposes only, Defendant's Pretrial Motions (Docket Entry 53) are **DENIED IN PART AND GRANTED IN PART**.

IT IS SO **ORDERED.**

The Clerk of the Court shall provide a copy of this order to all counsel of record.

DATED: May 23, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

3